IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP J. GREENE, ) | No. C 05-3433 MMC (PR) |
| Petitioner, ) | **ORDER GRANTING MOTION TO STAY HABEAS PETITION; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. ) | |
| TOM L. CAREY, ) | |
| Respondent. ) | **(Docket Nos. 2 & 3)** |
| _____ ) | |

Petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed a motion to stay his petition while he exhausts some of the claims contained therein. Additionally, he has applied for leave to proceed in forma pauperis.

### BACKGROUND

In 2003, in Santa Clara County Superior Court, petitioner was convicted of one count of violating California Penal Code § 273a(a), with related sentencing enhancements. He was sentenced to seven years in state prison. The California Court of Appeal affirmed, and the Supreme Court of California denied review. He has filed no habeas petitions in the state court regarding said conviction or sentence.

### DISCUSSION

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a);

Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

Petitioner claims that (1) his rights to due process and a speedy trial were violated; (2) the prosecutor violated his right to due process by knowingly suppressing exculpatory evidence; and (3) the prosecutor violated his right to due process by prosecuting him out of vindictiveness. Liberally construed, these claims are cognizable.

Petitioner has filed a motion to stay the petition because he has not exhausted "some"[1] of these claims. District courts have the authority to issue stays, and AEDPA does not deprive them of that authority. Rhines v. Webber, 125 S. Ct. 1528, 1535 (2005). A stay is appropriate where the district court determines that good cause existed for the petitioner's failure to exhaust his claims in state court, and that such claims are potentially meritorious. Id.; see also Pace v. DiGuglielmo, 125 S. Ct. 1807, 1813-14 (2005) (noting prisoners may file "protective" petition in federal court and ask federal court to stay federal habeas proceedings until state remedies exhausted). Here, petitioner explains that his claims were not exhausted prior to his coming to federal court because his appellate counsel did not set forth the federal basis for those claims on direct appeal. Good cause appearing, and as the claims in the petition state cognizable bases for federal habeas relief, the request for a stay will be granted.

## CONCLUSION

In light of the foregoing, the motion for a stay of the instant petition is GRANTED, and the above-titled action is hereby STAYED until petitioner has exhausted all of the claims in the petition.

---

[1] Petitioner does not specify which of his claims are unexhausted.

**Petitioner is cautioned that if he wishes to have this Court consider his claims, he must properly present those claims to the California Supreme Court within thirty days of the date this order is filed, and thereafter, within thirty days of the California Supreme Court's decision, he must notify this Court that he wishes to reopen this action.**

The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.

This order terminates Docket Nos. 2 and 3.

IT IS SO ORDERED.

DATED: October 28, 2005

_____
MAXINE M. CHESNEY
United States District Judge