IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP J. GREENE,<br><br>    Petitioner,<br><br>  v.<br><br>K. POWERS,<br><br>    Respondent.<br>_____ | No. C 05-3433 MMC (PR)<br><br>**ORDER GRANTING MOTION TO LIFT STAY, FOR LEAVE TO FILE AMENDED PETITION, AND TO CHANGE RESPONDENT; ORDER TO SHOW CAUSE**<br><br>(Docket No. 7) |

On August 24, 2005, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 28, 2005, the Court granted petitioner's motion to stay the petition while he exhausted his claims in the state courts. Now before the Court is petitioner's motion, filed January 22, 2007, to lift the stay, to file an amended petition setting forth three claims that assertedly have been exhausted, and to change the respondent to the Warden of the institution where petitioner currently is housed. (Docket No. 7.)

## BACKGROUND

In 2003, in the Superior Court of Santa Clara County, petitioner was convicted of causing willful harm or injury to a child, with an enhancement for causing great bodily injury; he was sentenced to a term of seven years in state prison. The California Court of Appeal affirmed and the Supreme Court of California denied the petition for review. Subsequently, petitions for a writ of habeas corpus were filed at all three levels of the California courts and were denied.

## DISCUSSION

A.   <u>Lifting of Stay</u>

In its Order of October 28, 2005, granting petitioner's motion for a stay, the Court

ordered the instant action stayed until such time as petitioner notified the Court that he had exhausted the claims he wishes to present herein. Petitioner now states he has exhausted the claims set forth in his proposed amended petition. Good cause appearing, plaintiff's request to lift the stay and to file the proposed amended petition will be granted.

B.   Review of Claims in Amended Petition

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

In the proposed amended petition, petitioner claims (1) the trial court violated his rights to due process and a speedy trial; (2) the prosecutor violated his right to due process by knowingly suppressing exculpatory evidence; and (3) the prosecutor violated his right to due process by prosecuting him out of vindictiveness. Liberally construed, these claims are cognizable.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1.   The motion to lift the stay and to file an amended petition are GRANTED.

2.   The Clerk of the Court shall serve by certified mail a copy of this order and the January 22, 2007 amended petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

3.   Respondent shall file with the Court and serve on petitioner, within 90 days of

the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims in the petition.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the amended petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of the date the answer is filed.

4.   In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within 15 days of the date any opposition is filed.

5.   Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6.   It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7.   The motion to change respondent to K. Powers, the Warden of the institution at which petitioner currently is incarcerated, is hereby GRANTED.

This order terminates Docket No. 7.

IT IS SO ORDERED.

DATED: April 19, 2007

_____
MAXINE M. CHESNEY
United States District Judge

3