IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP GREENE,<br><br>        Petitioner,<br><br>   v.<br><br>J. POWERS, Warden,<br><br>        Respondent.<br>_____ | No. C 05-3433 MMC (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING MOTIONS**<br><br>(Docket No. 25) |

On August 24, 2005, petitioner Phillip Greene, a California state prisoner proceeding pro se, filed, pursuant to 28 U.S.C. § 2254, the above-titled petition for a writ of habeas corpus; he challenges the constitutional validity of his convictions. The Court stayed the petition to allow petitioner to exhaust his claims in state court, after which the Court lifted the stay and accepted the amended petition. In response to the Court's order directing respondent to show cause as to why relief should not be granted, respondent has filed an answer; petitioner thereafter filed a traverse. Having reviewed the parties' respective submissions as well as the underlying record, the Court concludes petitioner is not entitled to relief based on the claims presented and, accordingly, will deny the petition.

**PROCEDURAL BACKGROUND**

In 2003, in Santa Clara Superior Court, petitioner was found guilty of child abuse, as charged under California Penal Code § 273(a), and an allegation that he personally inflicted great bodily injury, as charged under § 12022.7(a), was found true. He was sentenced to a term of four years on the substantive offense, and a consecutive term of three years on the

enhancement, for a total of seven years. Petitioner appealed. The California Court of Appeal for the Sixth Appellate District affirmed the judgment, see People v. Greene, No. H026165, 2005 WL 89064 (Cal. Ct. App. Jan. 15, 2005) at *1, and the California Supreme Court denied petitioner's petition for review as well as his habeas petition (see Am. Pet. at 4, 6).

## BACKGROUND

The parties submitted the case to the trial court on the transcript of the second grand jury indictment proceedings. Greene, 2005 WL 89064 at *1. That evidence demonstrated petitioner repeatedly shook his eight-month old stepson Jacob, actions that resulted in Jacob having seizures, a collarbone fracture, retinal hemorrhages, "profound" neurological damage, and subdural hematomas on both sides of his brain that "had the appearance of layering, which is not usually seen when there has only been one shaking episode."(Id. at *2.)

## DISCUSSION

As grounds for federal habeas relief, petitioner alleges (1) the trial court violated his right to a speedy trial; (2) the prosecutor violated his right to due process by knowingly suppressing exculpatory evidence; and (3) the prosecutor violated his right to due process by pursuing a vindictive prosecution.

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412–13 (2000). A federal court must

presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1). Habeas relief is warranted only if the constitutional error at issue had a "'substantial and injurious effect or influence in determining the jury's verdict.'" Penry v. Johnson, 532 U.S. 782, 796 (2001).

The state court decision implicated by § 2254(d) is the "last reasoned decision" of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803–04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091–92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to have considered the petitioner's claims, the district court looks to the last reasoned state court opinion. See Nunnemaker, 501 U.S. at 801–06; Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). In this instance, the last reasoned opinion is the decision of the California Court of Appeal on direct review of petitioner's trial.

B.  Petitioner's Claims

1.  Speedy Trial

Petitioner claims his right to a speedy trial was violated when the trial court, after two previous actions based on the same facts had been dismissed, denied petitioner's motion to dismiss a third action under Penal Code §§ 1387 and 1387.1, which statutes bar the successive filing of charges if the prosecutor's conduct has been in bad faith.[1] (Am. Pet. at C1-1.) The state appellate court rejected this claim, finding the trial court did not abuse its discretion when it denied petitioner's motion, because the record indicated the prosecutor did not act in bad faith. Greene, 2005 WL 89064 at *5–6.

---

[1] The state appellate court summarized the relevant law as follows: "A second prosecution of a felony is not barred by an earlier order setting aside an indictment or information. (§ 1387, subd. (a) .) Whether a third prosecution of a felony is barred depends on the circumstances of the previous dismissals. Section 1387.1 provides that, where the charged offense is a violent felony as defined in section 667.5, the prosecution is "permitted one additional opportunity to refile charges where either of the prior dismissals under Section 1387 were due solely to excusable neglect." (§ 1387.1, subd. (a).) "Excusable neglect" includes error on the part of the prosecutor. (§ 1387.1, subd. (b).) However, a third filing is not permitted "where the conduct of the prosecution amounted to bad faith." (§ 1387.1, subd. (a).) Because the second indictment alleged that [petitioner] personally inflicted great bodily injury, the offense charged in the second indictment is a violent felony. (§ 667.5, subd. (c)(8).)" Greene, 2005 WL 89064 at *3.

3

The record reviewed by the state court reflects that petitioner was initially charged by way of an information; the trial court granted petitioner's motion to dismiss the enhancement because the prosecutor had failed to present sufficient evidence thereof at the preliminary hearing. Petitioner was charged next by way of an indictment; the trial court granted petitioner's motion to dismiss that action because the prosecutor had failed to present exculpatory evidence to the grand jury. Petitioner was charged thereafter by way of a second indictment, which pleading withstood petitioner's motion to dismiss under § 1387. (See Greene, 2005 WL 89064 at *1.)

Petitioner's speedy trial claim is without merit because the claim is based exclusively on an alleged violation of state statutory rights, specifically, rights provided under Penal Code §§ 1387 and 1387.1. A writ of habeas corpus may be granted under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). It is not available as a remedy for violations of state law or for alleged error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).

Accordingly, this claim will be denied.

2. Due Process

Petitioner claims the prosecutor violated his due process rights by failing to present exculpatory evidence to the grand jury. (Pet. at C2-1.) The state appellate court rejected this claim, finding the trial court did not abuse its discretion when it found the prosecutor, although having failed to present some exculpatory evidence to the grand jury, had not acted in bad faith. (Ans. Ex. 6 at 10.)

The Supreme Court has expressly held that a criminal defendant has no right to have exculpatory evidence presented at a grand jury proceeding. See U.S. v. Williams, 504 U.S. 36, 52–53 (1992). Because petitioner has not shown he has a clearly established federal right to have exculpatory evidence presented at a grand jury proceeding, this claim will be denied.

3. Vindictive Prosecution

Petitioner claims the prosecutor engaged in vindictive prosecution when he pursued

4

charges against petitioner after an information and an indictment had been dismissed.  (Pet. at C3-1.)  Petitioner alleges that in pursuing such vindictive prosecution, the prosecutor suppressed exculpatory evidence, deceived the grand jury, engaged in forum shopping, and was motivated by petitioner's having filed a complaint against him with the Santa Clara Board of Supervisors.  (Id.)

A prosecutor violates a defendant's due process rights when he brings additional charges solely to punish the defendant for exercising a constitutional or statutory right.  See Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978).  The defendant has the burden to show that "charges of increased severity were filed because the accused exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness."  United States v. Gallegos-Curiel, 681 F.2d 1164, 1168 (9th Cir. 1982).  The defendant must show that the prosecutorial conduct would not have occurred "but for" the prosecutor's "hostility or punitive animus towards the defendant because he has exercised his specific legal rights."  Id. at 1168–69; see also United States v. Frega, 179 F.3d 793, 802 (9th Cir. 1999) (finding no vindictiveness where defendant could not show prosecutor would not have filed superseding indictment but for vindictive animus).  The burden then shifts to the prosecutor to show a non-vindictive reason for bringing the charges.  Gallegos-Curiel, 681 F.2d at 1168.

Here, petitioner cannot show increased charges were filed.  Indeed, the charges were reduced, rather than increased.  In the information, petitioner was charged with child abuse and an enhancement under § 12022.7(b) that alleged he personally inflicted great bodily injury from which the victim became comatose due to brain injury; an enhancement, under § 12022.7(b) imposes an additional five years of imprisonment rather than the additional three years imposed under § 12022.7(a).  In the first indictment, petitioner was charged with the same allegations as in the information.  In the second indictment, petitioner was again charged with child abuse, but with an allegation, under § 12022.7(a), that he personally inflicted great bodily injury.  In short, as the successive pleadings were filed, petitioner faced a lesser rather than greater punishment.

Accordingly, petitioner has failed to show he was the subject of a vindictive prosecution, and this claim will be denied.

C.     Pending Motion

Petitioner has filed a motion for an evidentiary hearing and for the appointment of counsel.  (Docket No. 25.)  Petitioner asserts that "an evidentiary hearing is necessary to properly adjudicate each of the claims, supporting facts, and attached exhibits" (id. at 1), and that the issues are "complex and contain medical evidence which must be adjudicated in this court" (id. at 2).  Petitioner requests appointment of counsel who will "handle all further motions, hearing, investigations, etc." (Id.)

The Court will deny petitioner's motion.  First, because petitioner's claims can be resolved by reference to the state court record, he is not entitled to an evidentiary hearing. See Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998).  Second, petitioner is not entitled to the appointment of counsel.  While Rule 8(c) of the Rules Governing Section 2254 Cases makes the appointment of counsel mandatory whenever an evidentiary hearing is required in a habeas action, see United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995), when no evidentiary hearing is required the decision to appoint counsel is within the discretion of the district court.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  Here, no evidentiary hearing is required, and, consequently, petitioner is not entitled to the appointment of counsel under Rule 8.  Additionally, in view of the fact that petitioner's claims have been adequately presented in the petition, the interests of justice do not require that counsel be appointed.  See 18 U.S.C. § 3006A(a)(2)(B) (authorizing district court to appoint counsel to represent habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation.").

Accordingly, the motion will be denied.

//

//

**CONCLUSION**

For the foregoing reasons, the Court concludes the California Court of Appeal did not render a decision that was contrary to, or constituted an unreasonable application of, clearly established federal law, or a decision that entailed an unreasonable determination of the facts.

Accordingly, the petition for a writ of habeas corpus is hereby DENIED.

Additionally, for the reasons set forth above, petitioner's motion for an evidentiary hearing and for appointment of counsel is hereby DENIED.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

DATED: July 10, 2009

MAXINE M. CHESNEY
United States District Judge